EDITH H. JONES, Circuit Judge,
joined by SMITH and OWEN, Circuit Judges, dissenting from en banc rehearing:
I fully concur in Judge Jolly’s fine dissent from the evenly divided vote to deny rehearing in this important case. I write separately only to observe the uniqueness, at least in this court, of Judge Higginbotham’s full throated “response” to Judge Jolly’s writing. Lest there be any mistake, the panel’s “response” must not be confused with a binding opinion on the *235 denial of an en banc petition, because no authority authorizes any such opinion. See 28 U.S.C. § 46(c); FRAP 35; Fifth Circuit Local Rule 35. See Young v. Borders, 850 F.3d 1274, 1287 (11th Cir.2017) (Hull, J., concurring in denial of en banc rehearing) (“[Ojrders denying rehearing en banc, even this published one, have no binding or precedential value”).
The whole point of the statute authorizing en banc review of a panel opinion is to allow the court’s active judges to vote whether to rehear a case. If the panel’s new writing here were to be treated as precedential in any way, then not only would either party have the right to seek en banc review of the additional opinion, but we judges could also insist on another en banc poll. That we are not doing so reflects our understanding that the panel has only the right to comment on the dissent from denial, not to articulate any additional binding precedent.